STATE OF CONNECTICUT *v.* MARY EPHRAIM
(9524)

STATE OF CONNECTICUT *v.* GARDENIA EPHRAIM
(9525)

LAVERY, LANDAU and HEIMAN, Js.

Argued April 29—decision released July 21, 1992

*Brian M. O'Connell,* special public defender, for the appellants (defendants).

*James A. Killen,* assistant state's attorney, with whom, on the brief, were *John M. Bailey,* state's attorney, and *John Massameno,* assistant state's attorney, for the appellee (state).

HEIMAN, J. The defendants appeal from judgments of conviction, rendered after a jury trial. The defendant Gardenia Ephraim was convicted of six counts of larceny in the first degree in violation of General Statutes §§ 53a-8, 53a-119 (2) and 53a-122 (a), three counts of conspiracy to commit larceny in the first degree in violation of General Statutes §§ 53a-48 (a), 53a-119 (2) and 53a-122 (a), one count of larceny in the second degree in violation of General Statutes §§ 53a-8, 53a-119 (2) and 53a-123 (a) (2), one count of conspiracy to commit larceny in the second degree in violation of

General Statutes §§ 53a-48 (a), 53a-119 (a) (2) and 53a-123 (a) (2), one count of attempt to commit larceny in the third degree in violation of General Statutes §§ 53a-8, 53a-49 (a) (2), 53a-119 (2), 53a-124 (a) (2), and one count of racketeering in violation of General Statutes § 53-395 (b). Her codefendant, Mary Ephraim, was convicted of three counts of larceny in the first degree in violation of General Statutes §§ 53a-8, 53a-119 (2), and 53a-122 (a) (2), three counts of conspiracy to commit larceny in the first degree in violation of General Statutes §§ 53a-48 (a), 53a-119 (2) and 53a-122 (a), one count of larceny in the second degree in violation of General Statutes §§ 53a-8, 53a-119 (2) and 53a-123 (a) (2), one count of conspiracy to commit larceny in the second degree in violation of General Statutes §§ 53a-48 (a), 53a-119 (2) and 53a-123 (a) (2), and one count of racketeering in violation of General Statutes § 53-395 (b). The charges against the defendants arose out of their alleged fraudulent acquisition of money and goods from six different victims in exchange for what the defendants termed "the work," which encompassed fortune telling, spiritual advice and combatting evil spirits.

The defendants claim that (1) the prosecution of them was "inherently unfair" and was "barred" by the free exercise clauses of the first amendment to the United States constitution[1] and article seven of the Connecticut constitution[2] and (2) the trial court improperly admitted certain statements and lifestyle evidence

---

[1] The first amendment to the United States constitution provides in pertinent part: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . ."

[2] Article seven of the Connecticut constitution provides in pertinent part: "It being the right of all men to worship the Supreme Being, the Great Creator and Preserver of the Universe, and to render that worship in a mode consistent with the dictates of their consciences, no person shall by law be compelled to join or support, nor be classed or associated with, any congregation, church or religious association. No preference shall be given by law to any religious society or denomination in the state. . . ."

under the coconspirator exception to the hearsay rule. We affirm the trial court's judgment.

## I

The defendants first claim that the prosecution of them was "inherently unfair" and was "barred" by the free exercise of religion clauses of the first amendment to the United States constitution[3] and article seven of the Connecticut constitution.[4] They cannot prevail on this claim.

In an attempt to understand the nature of the defendants' first challenge to their convictions, it is useful to note what the defendants do not claim. They do not claim that the statutes under which they were prosecuted are facially unconstitutional, that the trial court's jury instructions on the free exercise of religion were erroneous, that the trial court's denial of their postverdict motions for judgment of acquittal was improper, that the evidence against them was insufficient to support their convictions or that the trial court should have declared a mistrial. In addition, the defendants conceded at oral argument "this case . . . does not involve any allegation of prosecutorial misconduct . . . ." Further, they do not claim, as required by General Statutes § 52-263

[3] The free exercise clause of the first amendment has been made applicable to the states by incorporation into the fourteenth amendment. See *Employment Division, Department of Human Resources* v. *Smith,* 494 U.S. 872, 876–77, 110 S. Ct. 1595, 108 L. Ed. 2d 876 (1990).

[4] Although the defendants assert that their rights under both the state and federal constitutions were violated, they do not provide a separate analysis of their state constitutional claim. Both we and the Supreme Court have declined to review a defendant's state constitutional claim, deeming it to have been abandoned, when the defendant has not briefed and analyzed that claim separately. See, e.g., *State* v. *Hernandez,* 204 Conn. 377, 394 n.9, 528 A.2d 794 (1987); *State* v. *Hoeplinger,* 27 Conn. App. 643, 652 n.2, 609 A.2d 1015 (1992); *State* v. *Redente,* 19 Conn. App. 521, 531 n.5, 563 A.2d 1365 (1989). That declination, however, does not mean that we are not able to review such a claim if we choose to do so. *State* v. *Hoeplinger,* supra; *State* v. *Geisler,* 25 Conn. App. 282, 283–84 n.2, 594 A.2d 985 (1991), aff'd, 222 Conn. 672, 610 A.2d 1225 (1992).

and Practice Book § 4000, to be "aggrieved by [a] decision of the court or judge upon any question or questions of law arising in the trial . . . ."

Instead, the defendants make the ethereal, amorphous and generalized claim that the "prosecution is barred" by the free exercise clauses of the federal and state constitutions. They further assert that "the prosecution of these activities was inherently unfair and is explicitly prohibited by the aforementioned guarantees." Thus, their claim appears to be that the free exercise clause necessarily caused the prosecution to be barred, or alternatively, inherently unfair.

The defendants further concede that their claim was not preserved for appellate review, and request review under *State* v. *Golding,* 213 Conn. 233, 567 A.2d 823 (1989). In *State* v. *Golding,* supra, our Supreme Court reformulated the standard of appellate review of unpreserved claims: "[W]e hold that a defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." Id., 239–40. We conclude that the defendants cannot satisfy either the first or third prongs of *Golding,* and therefore cannot prevail on their claim.

The defendants cannot satisfy the first *Golding* requirement—that the record is adequate to review the alleged claim of error. As demonstrated above, the defendant has not claimed that the trial court committed any particular error. The record necessarily is inadequate to review this nonclaim.

The defendants also cannot satisfy the third *Golding* requirement—that the alleged constitutional violation clearly exists and clearly deprived them of a fair trial.

"[The United States Supreme Court] has long recognized a distinction between the freedom of individual belief, which is absolute, and the freedom of individual conduct, which is not absolute." *Bowen* v. *Roy,* 476 U.S. 693, 699, 106 S. Ct. 2147, 90 L. Ed. 2d 735 (1986); see also *Cantwell* v. *Connecticut,* 310 U.S. 296, 303–304, 60 S. Ct. 900, 84 L. Ed. 1213 (1940). An individual's religious beliefs do not necessarily excuse noncompliance with otherwise valid laws prohibiting conduct. *Employment Division, Department of Human Resources* v. *Smith,* 494 U.S. 872, 878–79, 110 S. Ct. 1595, 108 L. Ed. 2d 876 (1990). For instance, in *Reynolds* v. *United States,* 98 U.S. 145, 25 L. Ed. 244 (1879), the United States Supreme Court upheld a federal statute criminalizing bigamy despite the petitioner's sincere belief that it was his religious duty to practice bigamy, stating: "To permit this would be to make the professed doctrines of religious belief superior to the law of the land, and in effect to permit every citizen to become a law unto himself." Id., 167. The Supreme Court of the United States has made clear that their decisions do not "even remotely . . . imply that, under the cloak of religion, persons may, with impunity, commit frauds upon the public. Certainly penal laws are available to punish such conduct." *Cantwell* v. *Connecticut,* supra, 306.

It is further well settled that the free exercise of religion clause protects only those activities that are undertaken because of a religious belief that the defendant sincerely holds. See *Murphy* v. *Arkansas,* 852 F.2d 1039, 1041 (8th Cir. 1988); *Martinelli* v. *Dugger,* 817 F.2d 1499, 1503 (11th Cir.), cert. denied, 484 U.S. 1012, 108 S. Ct. 714, 98 L. Ed. 2d 664 (1987); *United States*

v. *Daly,* 756 F.2d 1076, 1081 (5th Cir.), cert. denied, 474 U.S. 1022, 106 S. Ct. 574, 88 L. Ed. 2d 558 (1985); *Patrick* v. *LeFevre,* 745 F.2d 153, 159–60 (2d Cir. 1984); *Forest Hills Early Learning Center, Inc.* v. *Lukhard,* 728 F.2d 230 (4th Cir. 1984), cert. denied, 488 U.S. 1029, 109 S. Ct. 837, 102 L. Ed. 2d 969 (1989); *Africa* v. *Commonwealth of Pennsylvania,* 662 F.2d 1025, 1030 (3d Cir.), cert. denied, 456 U.S. 908, 102 S. Ct. 1756, 72 L. Ed. 2d 165 (1981); *Callahan* v. *Woods,* 658 F.2d 679, 683 (9th Cir. 1981); *Ron* v. *Lennane,* 445 F. Sup. 98, 100 (D. Conn. 1977); *Maguire* v. *Wilkinson,* 405 F. Sup. 637, 640 (D. Conn. 1975). Thus, if the jury could reasonably have concluded that the defendants' purported religious beliefs were not sincere, but were a pretext for committing deception or fraud, the free exercise clause did not prohibit their conviction. *Patrick* v. *LeFevre,* supra, 157.

It will suffice to say, without detailing the voluminous evidence introduced at trial, that our review of the record discloses ample evidence on which the jury reasonably could have concluded that the defendants did not sincerely believe the representations that they made to the victims regarding fortune telling and other metaphysical matters. For instance, Mary Ephraim admitted that the purpose of fortune telling was to secure as much money as possible from the victims without hurting them, that certain rituals that the defendants performed in order to persuade the victims to give them money were mere trickery and that the defendants intentionally perpetrated rather elaborate hoaxes in order to convince the victims that the defendants possessed supernatural powers. These admissions, coupled with the testimony of the victims and other witnesses, provided an adequate factual predicate for the jury to find that the defendants did not sincerely believe the representations that they made to the victims in

this matter. As a result, the defendants have utterly failed to demonstrate that a constitutional violation clearly exists.

Because the defendants have failed to satisfy the first and third prongs of *State* v. *Golding,* supra, they cannot prevail on this claim.

## II

The defendants next claim that the trial court improperly admitted certain statements and lifestyle evidence of alleged coconspirators under the coconspirator exception to the hearsay rule without making an adequate preliminary finding, as required by *State* v. *Vessichio,* 197 Conn. 644, 500 A.2d 1311, cert. denied, 475 U.S. 1122, 106 S. Ct. 1642, 90 L. Ed. 2d 187 (1986).

"Because the claim does not involve the violation of a constitutional right, the burden lies with the defendant to demonstrate the harmfulness of the error." *State* v. *Denby,* 198 Conn. 23, 32, 501 A.2d 1206 (1985), cert. denied, 475 U.S. 1097, 106 S. Ct. 1497, 89 L. Ed. 2d 898 (1986); see also *State* v. *Sullivan,* 11 Conn. App. 80, 84–85, 525 A.2d 1353 (1987). The defendants, however, have neither made nor analyzed any claim of prejudice. Thus, we need not decide whether the trial court improperly admitted the challenged evidence. Having failed to demonstrate that they were prejudiced by the admission of this evidence, the defendants cannot prevail on their claim.

The judgments are affirmed.

In this opinion the other judges concurred.